**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**CIVIL NO.**

**CHRISTOPHER KELLER, Individually and On Behalf of All Others Similarly Situated,**

**Plaintiff,**

**v.**

**SANJEL (USA) INC.,**

**Defendant.**

**JURY TRIAL DEMANDED**

---

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

---

1. Plaintiff Christopher Keller ("Plaintiff"), individually and on behalf of all other similarly situated employees of Defendant Sanjel (USA) Inc. ("Defendant"), files this lawsuit to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs under the provisions of section 216(b) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended 29 U.S.C. §§ 201, *et seq*.

### NATURE OF THE CASE

2. This case is an action to recover unpaid overtime wages under the FLSA.

3. The Plaintiff and all similarly-situated workers (hereinafter the "FLSA Collective Members") worked for Defendant as Driver Operator in Defendant's oil and gas operations throughout the United States.

4. Defendant failed to pay Plaintiff and FLSA Collective Members proper overtime. Defendant failed to properly calculate overtime within the strictures of the FLSA.

5. In particular, Defendant failed to pay one and one-half of the employee's regular hourly rate as a premium for overtime hours (i.e., hours worked over forty in a given workweek). Instead, Defendant paid overtime at a rate less than one and one-half of the employee's regular rate. Therefore, Defendant owes Plaintiff and the FLSA Collective Members substantial back wages as explained below.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b).

7. Venue is proper in the District of Colorado because the Defendant's principal place of business is in this District.

## PARTIES

8. Plaintiff Christopher Keller is an individual currently residing in Kootenai County, Idaho. Plaintiff Keller's written consent to join this action is attached hereto as Exhibit "A." Keller worked as a Driver Operator for Defendant from approximately October 2013 to March 2014.

9. The FLSA Collective Members are Defendant's current and former Driver Operators and all employees performing substantially similar duties throughout the country.

10. Defendant Sanjel (USA) Inc. is a foreign corporation incorporated under the laws of Montana and headquartered in Denver, Colorado. Defendant may be served process through its registered agent Corporation Service Company, 1560 Broadway, Suite 2090, Denver, CO 80202.

## FLSA COVERAGE

11. At all times material to this lawsuit, Defendant was an "employer" as that term is understood under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in that it had the power to hire and fire Plaintiff and the FLSA Collective Members dictate their work schedules, control their employment conditions, and determine the rate and method of their payment.

12. At all times material to this lawsuit, Defendant was an "enterprise" as that term is understood under Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times material to this lawsuit, Defendant was an enterprise engaged in commerce as that concept is understood under Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant had or continues to have employees, including Plaintiff and the FLSA Collective Members, engaged in commerce or the handling, selling, or otherwise working on goods or material that have been moved in or produced for commerce.

14. During the time period material to this lawsuit, Plaintiff and the FLSA Collective Members provided services for Defendant that touched upon and affected interstate commerce. In performing such operations, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce, within the meaning of sections 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA.

15. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

16. Defendant Sanjel (USA) Inc. is an energy services company providing pumping and completions services to oil and gas companies throughout the United States.

3

17. Plaintiff and the FLSA Collective Members worked for Defendant as Driver Operators. Plaintiff and FLSA Class members are manual laborers who worked long hours at Defendant's job locations. Plaintiff and FLSA Class members frequently worked in excess of 40 hours per week.

18. The primary job duties of a Driver Operator are to drive small and large vehicles hauling dry cement, hose, iron, and other equipment and materials from Defendant's locations to oil and gas well sites.

19. Defendant classified Plaintiff and the FLSA Class Members as non-exempt from overtime pay under the Fair Labor Standards Act.

20. Plaintiff and the FLSA Class Members were paid an hourly rate of pay,, varying job bonuses, varying "OP-Market Allowances," and an additional amount Defendant classified as "Regular—Additional." Defendant did not pay plaintiffs a fixed salary regardless of all hours worked.

21. Plaintiff and FLSA Class members were subject to a policy that would reduce their pay below minimum wage in the event they worked a certain number of hours.

22. Defendant also paid Plaintiff and FLSA Class Members wages it labeled as "Overtime- Field," but these additional wages were at a rate less than one and one-half times their regular rate of pay. For example, Defendant's pay stub for the pay period running from 4/6/2014 to 4/19/2014 reflects an hourly rate of $19.038462. However, the overtime rate Defendant paid to Plaintiff was only $11.69. This rate is less than time and one-half the regular rate. Likewise, the overtime rate of $11.69 did not include at least some of the additional remuneration such as the OP-Market Allowance.

4

23. This pay method described above was implemented as a common pay policy across all similarly situated employees.

24. Defendant also had a policy of excluding the "Regular—Additional" remuneration form the overtime rate calculation.

25. Defendant also had a policy of excluding the "OP-Market Allowance" remuneration form the overtime rate calculation.

26. Defendant also made deductions from the Plaintiff and FLSA Collective Members wages for "Housing—Williston" when such deductions are not allowed under the law.

27. Consequently, Plaintiff and the FLSA Class Members were paid at rates lower than what the law requires.

28. Defendant maintains a common policy and practice of failing to pay its Driver Operators overtime as required under the FLSA.

29. There was no clear mutual understanding between the Plaintiff and FLSA Collective Members and their employer that overtime pay would be calculated at a rate of less than one and one-half times the regular rate of pay.

30. None of the exemptions contained in the FLSA or its implementing regulations permit Defendant to skirt their obligation to pay overtime to Plaintiff and FLSA Class Members.

31. The work of Plaintiff and the FLSA Class Members is defined in whole or in part as that of a driver, driver's helper, loader, or mechanic.

32. The work of Plaintiff and the FLSA Class Members required them to drive motor vehicles on a regular basis that weighed less than 10,000 pounds.

**COUNT ONE: VIOLATION OF 29 U.S.C. § 207**
**FAILURE TO PAY OVERTIME UNDER THE FLSA**
**(COLLECTIVE ACTION ALLEGATIONS)**

33. Plaintiff and FLSA Collective Members incorporate all allegations contained in the foregoing paragraphs.

34. Defendant's practice of failing to pay Plaintiff and FLSA Collective Members overtime at a rate of one and one-half times their regular rate for all hours over forty violates the FLSA.

35. Defendant failed to pay Plaintiff and FLSA Collective Members the legally mandated overtime rate of time and one-half for the hours worked over 40 in a workweek.

36. Plaintiff has personal knowledge that FLSA Collective Members have been denied full overtime pay for hours worked over forty hours per workweek.

37. Other employees similarly situated to the Plaintiff work for Defendant in a similar capacity, and are likewise not paid full overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.

38. Under the FLSA, Section 778.114 is the regulation governing the Fluctuating Work Week ("FWW") method of pay. Section 778.114 provides, in pertinent part, as follows:

> salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay.

29 C.F.R. § 778.114(a).

39. Thus, to utilize the FWW method, the following elements must be satisfied:

(1) the employee's hours fluctuate from week to week,

(2) there is a clear mutual understanding amongst the employee and employer,

(3) that the employee will receive a fixed salary,

(4) for every hour worked, and

(5) the amount of the salary provides compensation to the employee at least at the minimum wage rate for all hours worked.

40. Defendants have failed to comply with all of these elements and, therefore, are not allowed to rely on the half time payment of overtime. Instead, Defendants owe Plaintiff and the FLSA Collective Members true overtime at the one and one-half rate based on the default 40 hour workweek.

41. The FLSA Collective Members perform or have performed the same or similar work as the Plaintiff. Like the Plaintiff, the FLSA Collective Members work as Driver Operators and are paid in the same fashion as Plaintiff. Like the Plaintiff, the FLSA Collective Members also drove light weight vehicles on a regular basis as part of their job. As such, FLSA Collective Members are similar to the Plaintiff in terms of job duties, pay structure, and the denial of overtime pay.

42. FLSA Collective Members are not exempt from receiving overtime under the FLSA.

43. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Collective Members on an individual basis.

44. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment. All FLSA Collective Members, irrespective of their particular job requirements, are entitled to overtime compensation.

45. Although the exact amount of damages may vary among FLSA Collective Members, the damages for the FLSA Collective Members can be easily calculated by a simple formula. The claims of all FLSA Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all FLSA Collective Members.

46. Defendant has not made a good faith effort to comply with the FLSA.

47. Defendant's method of paying Plaintiff and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct did not violate the FLSA. In particular, Defendants were familiar with the requirements to pay overtime under the fluctuating workweek, but paid their employees with reckless disregard for compliance. The fundamental precept of paying under the fluctuating workweek is paying a fixed salary for all hours worked. Defendant failed to comply with this basic rule and instead made illegal deductions, paid jobs bonuses, OP-Allowances, and additional remuneration that was anything but a fixed salary. Defendant lost its privilege to take advantage of the fluctuating workweek method of paying overtime, which has saved it thousands and likely millions of dollars in labor costs over the years. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

48. Defendant has not modified its practice since this lawsuit was filed.

49. As such, the class of similarly situated Plaintiff is properly defined as follows:

> **All Driver Operators, and all other employees in substantially similar positions, employed by Defendant during the three-year period prior to the commencement of this lawsuit up to the present.**

## **DAMAGES SOUGHT**

50. Plaintiff and the FLSA Collective Members are entitled to recover their unpaid overtime compensation.

51. Plaintiff and FLSA Collective Members are entitled to an amount equal to all of their unpaid overtime wages as liquidated damages. 29 USC § 216(b).

52. Plaintiff and the FLSA Collective Members are entitled to recover attorney's fees and costs.

53. Plaintiff and FLSA Collective Members are entitled to recovery pre-judgment interest.

## **PRAYER**

54. For these reasons, Plaintiff and FLSA Collective Members respectfully request that judgment be entered in their favor awarding them the following:

   a. A judgment against Defendant awarding Plaintiff and the FLSA Collective Members all their unpaid overtime compensation;

   b. An equal amount as liquidated damages as allowed under the FLSA;

   c. Pre-judgment and post-judgment interest;

   d. Reasonable attorney's fees, costs and expenses of this action; and

   e. Such other relief to which Plaintiff and the FLSA Collective Members may be entitled, at law or in equity.

Respectfully submitted,

By: */s/ Galvin B. Kennedy*
    Galvin B. Kennedy
    Texas Bar No. 00796870
    Federal ID No.  20791
    Admitted before U.S. District Court of Colorado
    711 W. Alabama Street
    Houston, TX 77006
    Telephone:  (713) 523-0001
    Facsimile:   (713) 523-1116
    Email:  Gkennedy@kennedyhodges.com

    LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

**OF COUNSEL:**

Udyogi A. Hangawatte
Texas Bar No. 24094698
Federal ID No. 2488120
Admitted before U.S. District Court of Colorado
KENNEDY HODGES, LLP
711 W. Alabama Street
Houston, Texas 77006
Telephone:  (713) 523-0001
Facsimile:  (713) 523-1116
Email:  uhangawatte@kennedyhodges.com